# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

✓ FILED        ___ LODGED
___ RECEIVED    ___ COPY

SEP 2 3 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

|  |  |
|---|---|
| ROBERT A. MACKENZIE, TRUSTEE OF THE BANKRUPTCY ESTATE OF WAVO CORPORATION<br>2025 N. 3rd Street, Suite 157<br>Phoenix, AZ 85004<br><br>                     Plaintiff,<br><br>v.<br><br>**LEONARD, COLLINS AND GILLESPIE, P.C.**<br>2210 Bank One Center<br>201 North Central Avenue<br>Phoenix, AZ  85004-0022<br><br>     Serve: Daniel P. Collins<br>              2210 Bank One Center<br>              201 North Central Avenue<br>              Phoenix, AZ  85004-0022<br><br>**COLLINS, MAY, POTENZA, BARAN & GILLESPIE**<br>2210 Bank One Center<br>201 North Central Avenue<br>Phoenix, AZ 85004-0022<br><br>     Serve: Daniel P. Collins<br>              2210 Bank One Center<br>              201 North Central Avenue<br>              Phoenix, AZ  85004-0022<br><br>**TREON STRICK LUCIA AND AGUIRRE, P.A.**<br>2700 North Central Avenue, Suite 1400<br>Phoenix, AZ 85004-1133<br><br>     Serve: Curt W. Clausen<br>              2700 North Central Avenue, Suite 1400<br>              Phoenix, AZ  85004-1133 | Case No. CV-08-1737-PHX-GMS |

# 207224
33725-164876

**LUCIA STARK WILLIAMSON LLP**                                )
2700 North Central Avenue, Suite 1400                         )
Phoenix, AZ 85004-1133                                        )
                                                              )
    **Serve:** Curt W. Clausen                                 )
           2700 North Central Avenue, Suite 1400       )
           Phoenix, AZ  85004-1133                     )
                                                              )
**TREON, WHITTEN AND BERRY, PLLC**                            )
101 North 1st Avenue, Suite 1800                              )
Phoenix, AZ 85003                                             )
                                                              )
    **Serve:** Christopher J. Berry                            )
           101 North 1st Avenue, Suite 1800            )
           Phoenix, AZ  85003                          )
                                                              )
**WHITTEN BERRY, PLLC**                                       )
101 North 1st Avenue, Suite 1800                              )
Phoenix, AZ 85003                                             )
                                                              )
    **Serve:** Christopher J. Berry                            )
           101 North 1st Avenue, Suite 1800            )
           Phoenix, AZ  85003                          )
                                                              )
**DANIEL P. COLLINS, an Individual**                          )
5121 E. Calle Del Media                                       )
Phoenix, AZ 85018                                             )
                                                              )
**CURT W. CLAUSEN, an Individual**                            )
2945 E. Cedar Waxwing Drive                                   )
Gilbert, AZ  85298                                            )
                                                              )
**CHRISTOPHER J. BERRY, an Individual**                       )
3924 E. Cortez Street                                         )
Phoenix, AZ  85028                                            )
                                                              )
                                                              )
**CHARLEEN M. LUCIA, an Individual and the**                  )
**Personal Representative of the Estate of Anthony R. Lucia** )
7798 East Fledgling Drive                                     )
Scottsdale, AZ  85255                                         )
                                                              )
                                                              )

**ROSEANNE K. COLLINS, an Individual**            )
5121 E. Calle Del Media                          )
Phoenix, AZ  85018                               )
                                                 )
**PAMELA CLAUSEN, an Individual**                )
2945 E. Cedar Waxwing Drive                      )
Gilbert, AZ  85298                               )
                                                 )
    and                      )
                                                 )
**JEAN ANN BERRY, a/k/a J. Ann Berry, an Individual**  )
3924 E. Cortez Street                            )
Phoenix, AZ  85028                               )
                                                 )
    Defendants.               )
_____ )

## COMPLAINT

COMES NOW, Plaintiff Robert A. Mackenzie, Trustee of the Bankruptcy Estate of

WAVO Corporation ("Plaintiff"), and for his Complaint against Defendants Leonard, Collins

and Gillespie, P.C., Collins, May, Potenza, Baran & Gillespie, Treon Strick Lucia and Aguirre,

P.A., Lucia Stark Williamson LLP, Treon, Whitten and Berry, PLLC, Whitten Berry, PLLC ,

Daniel P. Collins, Curt W. Clausen. Christopher J. Berry, Charleen M. Lucia, Roseanne K.

Collins, Pamela Clausen and Jean Ann Berry, a/k/a J. Ann Berry, states as follows:

## PARTIES

1.    Plaintiff is the duly appointed Successor Trustee for the Chapter 7 bankruptcy

estate of WAVO Corporation ("WAVO"), Case No. 2:01-013023-RTB (the "Bankruptcy Case")

pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy

Court").

2.    Plaintiff was appointed Substitute Trustee by the Bankruptcy Court by Order

dated June 1, 2006.

3.     Prior to Plaintiff's appointment, Robert Patrick Abele ("Abele") served as Chapter 7 Trustee for the Chapter 7 bankruptcy estate of WAVO (the "Estate"). Abele withdrew as Chapter 7 Trustee by letter dated May 30, 2006, stating that "[m]y resignation is due to what I perceive to be a conflict of interest."

4.     As the duly authorized representative of the Estate, Plaintiff is authorized to bring this lawsuit pursuant to 11 U.S.C. § 323 and Rule 6009, Fed. R. Bankr. P. Plaintiff is the proper party in interest pursuant to 11 U.S.C. §§ 541 and 704 and Rule 6009, Fed. R. Bankr. P.

5.     Defendant Leonard, Collins and Gillespie, P.C. ("LC&G") was a law firm with offices located at Two Renaissance Square, 40 North Central Avenue, Suite 2100, Phoenix, Arizona. LC&G was retained by Abele to serve as general counsel to Abele in the Bankruptcy Case. LC&G's retention was retroactively approved by the Bankruptcy Court by Order dated March 7, 2003.

6.     Defendant Collins, May, Potenza, Baran & Gillespie ("The Collins Firm") is the successor law firm to LC&G, as the result of a merger by LC&G with the law firm of May, Potenza & Baran, P.C. on January 1, 2004. Upon information and belief, Defendant Daniel P. Collins ("Collins") was a shareholder of LC&G and is a shareholder of The Collins Firm.

7.     Following the merger of LC&G with May, Potenza & Baran, P.C., Abele sought to retain The Collins Firm as substitute general counsel in the Bankruptcy Case effective January 1, 2004. Abele's retention of The Collins Firm was approved by the Bankruptcy Court by Order dated February 20, 2004.

8.     Defendant Treon Strick Lucia and Aguirre, P.A. ("TSL&A") was a law firm with offices located at 2700 North Central Avenue, Suite 1400, Phoenix, Arizona. TSL&A was

retained by Abele to serve as special counsel in the Bankruptcy Case.  Abele's retention of TSL&A as special counsel was approved by the Bankruptcy Court by Order dated April 3, 2003.

9.     Defendant Lucia Stark Williamson LLP ("The Lucia Firm") is the successor law firm to TSL&A.  Abele's retention of The Lucia Firm as special counsel was approved by the Bankruptcy Court by Order dated August 17, 2004.  Upon information and belief, Anthony R. Lucia ("Lucia") was a member of TSL&A and was a principal of The Lucia Firm until his death on May 24, 2005.  Upon information and belief, Defendant Curt W. Clausen ("Clausen") was an associate attorney at TSL&A and is a member of The Lucia Firm.

10.     Defendant Treon, Whitten and Berry, PLLC ("TW&B") was a law firm with offices located at 2700 North Central Avenue, Suite 2100, Phoenix, Arizona.  TW&B was also retained by Abele to serve as special counsel in the Bankruptcy Case.  Abele's retention of TW&B was approved by the Bankruptcy Court by Order entered on April 3, 2003.

11.     Defendant Whitten Berry, PLLC ("The Berry Firm") is the successor law firm to TW&B.  Abele's retention of The Berry Firm as special counsel was approved by the Bankruptcy Court by Order dated August 30, 2004.  Upon information and belief, Defendant Christopher J. Berry ("Berry") was a member of TW&B and is a member of The Berry Firm.

12.     Defendant Charleen M. Lucia is, upon information and belief, the duly appointed personal representative of Lucia, whose probate estate is currently being administered by the Superior Court of Maricopa County, Arizona, Case No. PB2005-002071.  Pursuant to Ariz. Rev. Stat. §14-3110, Plaintiff's claims against Lucia survive Lucia's death and are properly asserted against Charleen M. Lucia as Lucia's personal representative.  Charleen M. Lucia is, upon information and belief, the widow of Lucia.

13.     Upon information and belief, Roseanne K. Collins, Pamela Clausen and Jean Ann Berry, a/k/a J. Ann Berry, are the wives of Collins, Clausen and Berry, respectively.

14.     Defendants LC&G, The Collins Firm, TSL&A, The Lucia Firm, TW&B and The Berry Firm are referred to collectively herein as the "Law Firm Defendants."  Defendants Collins, Clausen and Berry, together with Charleen M. Lucia, as the personal representative of Lucia, are referred to collectively as the "Attorney Defendants."  Defendants Roseanne K. Collins, Pamela Clausen, Jean Ann Berry and Charleen M. Lucia (individually, as opposed to in her capacity as personal representative of the probate estate of Lucia), are referred to collectively as the "Spouse Defendants."

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under title 11, or arising in or related to cases under title 11.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

17.     On January 23, 2001, National Datacast, Inc. ("NDI"), a creditor of WAVO, obtained a judgment against WAVO in the amount of $3,316,780.23, together with costs of $184.00 and interest at the rate of 1-1/2% per month.  On or about April 2, 2001, the judgment in favor of NDI was domesticated in the Superior Court of Arizona, Maricopa County.

18.     In the course of taking discovery in aid of execution on its judgment, NDI determined that the officers and directors of WAVO, a publicly traded company, had engaged in a pattern of fraudulent transfers, breaches of fiduciary duty, mismanagement and self-dealing. NDI further determined that the assets of WAVO were being rapidly dissipated.

19.     In response to these revelations, NDI and two other creditors of WAVO --

Sageware, Inc., the holder of an unsecured claim in the approximate amount of $110,000, and

Prince Perelson and Associates, Inc., the holder of an unsecured claim in the amount of

$22,928.42 -- filed an involuntary bankruptcy petition (the "Petition") against WAVO on

October 1, 2001.

20.     The three petitioning creditors filed the Petition in order to prevent the further

dissipation of the assets of WAVO and to recover preferences and fraudulent transfers made by

WAVO to various third parties, including insiders and affiliates of WAVO.

21.     The Petition alleged, *inter alia*, that WAVO was generally not paying its

undisputed debts as they came due.

22.     WAVO did not contest the filing of the Petition or the allegations contained

therein, including the allegation that it was generally not paying its undisputed debts as they

came due. Accordingly, an Order for Relief was entered by the Bankruptcy Court in the

Bankruptcy Case on November 29, 2001, whereupon WAVO became a Chapter 7 debtor.

23.     The financial information relating to the preferential payments, fraudulent

transfers, self-dealing and breaches of fiduciary duty were contained in various books and

records maintained in both written and electronic form by WAVO, its accountants, attorneys and

other advisors prior to the commencement of the Bankruptcy Case. At the time of the

bankruptcy filing, many of these business records were in storage at a warehouse rented by

WAVO. Upon information and belief, the warehouse was operated by Allstate Self-Storage and

was located on Thunderbird Road in Phoenix, Arizona. Other financial records, as well as

property of WAVO, were located in various offices leased by WAVO.

24.     Upon information and belief, electronic data relating to the preferential payments, fraudulent transfers, self-dealing and breaches of fiduciary duty was also contained on a computer network server that was transferred by WAVO to an entity known as Digital Connection Corporation.

25.     Within two weeks of Abele's appointment as Trustee for the Estate, NDI, through counsel, advised Abele of some of the claims and causes of action that could be pursued by Abele on behalf of the Estate against third parties, including insiders and affiliates of WAVO. Abele was further advised of the various locations of WAVO's books and records, both electronic and hard-copy, and the locations of property of WAVO that had been improperly transferred prior to the bankruptcy filing.

26.     Abele retained LC&G to serve as his bankruptcy counsel and to represent him generally in the investigation of the various prepetition transfers of WAVO's assets.  When Abele sought Bankruptcy Court approval of the retention of The Collins Firm as successor counsel to LC&G, he advised the Bankruptcy Court that The Collins Firm would assist Abele in "preserving property and pursuing claims and property" of the Estate.

27.     Abele retained the law firm of TSL&A as special counsel for the express purpose of handling "avoidance actions and other claims against various persons and entities including, but not limited to, officers and directors of the Debtor, David Deeds, Michael Coffin and Plymouth DeWitt." These avoidance actions and other claims were referred to by Abele in his applications filed with the Bankruptcy Court collectively as the "Litigation" (hereinafter, the "Avoidance Actions")

28.     In support of Abele's request for Bankruptcy Court approval of the retention of TSL&A, Lucia submitted a sworn affidavit in which he represented to the Bankruptcy Court that

- 8 -

TSL&A was qualified to represent Abele as special counsel in connection with the Avoidance Actions.

29.     In addition to his retention of TSL&A, Abele also retained the law firm of TW&B as special counsel for the purpose of handling the Avoidance Actions.  In support of Abele's request for Bankruptcy Court approval of the retention of TW&B, Berry submitted a sworn affidavit in which he represented to the Bankruptcy Court that TW&B was qualified to represent Abele as special counsel in connection with the Avoidance Actions.

30.     Abele thereafter retained The Lucia Firm as successor special counsel to TSL&A for the purpose of handling the Avoidance Actions.  In support of Abele's request for Bankruptcy Court approval of the retention of The Lucia Firm, Lucia again submitted a sworn affidavit in which he represented to the Bankruptcy Court that The Lucia Firm was qualified to represent Abele as special counsel in connection with the Avoidance Actions.

31.     Abele also retained The Berry Firm as successor special counsel to TW&B for the purpose of handling the Avoidance Actions.  In support of Abele's request for Bankruptcy Court approval of the retention of The Berry Firm, Berry again submitted a sworn affidavit in which he represented to the Bankruptcy Court that The Berry Firm was qualified to represent Abele as special counsel in connection with the Avoidance Actions.

32.     Upon information and belief, LC&G, TW&B, TSL&A and the Attorney Defendants took no legal action prior to October 3, 2003 to recover assets of WAVO that had been transferred prior to the commencement of the Bankruptcy Case or to prosecute claims that the estate had against third parties.

33.     On October 3, 2003, approximately two years after the commencement of the Bankruptcy Case, and just a few weeks before the expiration of the applicable statute of

limitations for bringing the Avoidance Actions, TSL&A, TW&B, Lucia, Clausen and Berry, together with Thomas S. Moring, who was employed as an associate of TW&B at the time, filed a complaint (the "Complaint") on behalf of Abele against David E. Deeds ("Deeds") and his wife Stacy A. Deeds, Michael J. Coffin ("Coffin") and his wife Toni M. Coffin, Kenneth D. Swenson ("Swenson") and his wife Sharon C. Swenson, Thomas P. Hull ("Hull") and his wife Sandra M. Hull, and Plymouth DeWitt, L.L.C. ("Plymouth DeWitt"), a Nevada corporation owned by Deeds (collectively, the "WAVO Defendants").

34.    The lawsuit (the "Deeds Litigation") was filed in the Phoenix Division of the United States District Court for the District of Arizona (the "District Court").

35.    The Complaint set forth causes of action for the fraudulent transfer of $1.5 million from WAVO to Deeds, the fraudulent transfers of cash and other valuable benefits to Deeds and to Plymouth DeWitt, and the fraudulent transfer of cash from WAVO to Coffin, Swenson and Hull, together with claims of negligence, gross negligence and breach of fiduciary duty by Deeds.

36.    The complaint sought a judgment voiding each of the transfers alleged to have been made by WAVO to the WAVO Defendants and recovering the cash or the value of the benefits transferred by WAVO to the WAVO Defendants, together with an award of damages in connection with the negligence, gross negligence and breach of fiduciary duty of Deeds, punitive damages against each of the WAVO Defendants, reasonable attorneys' fees and expenses and costs.

37.    Lucia and Berry each signed the Complaint, thereby certifying to the District Court that to the best of their knowledge, information and belief, formed after an inquiry

reasonable under the circumstances, the allegations and other factual contentions set forth in the Complaint had evidentiary support.

38.     The relief sought in the Complaint was based solely on Section 44-1004(A)(1) and (2) of the Arizona Revised Statutes. TSL&A, TW&B and the Attorney Defendants failed to include available and valid preference claims against any of the WAVO Defendants under section 547 of the Bankruptcy Code, 11 U.S.C. §§ 547, nor did they include any claims under 11 U.S.C. § 548, the fraudulent transfer provision of the Bankruptcy Code.

39.     Aside from the Complaint filed in the District Court, no other actions were commenced against the WAVO Defendants or any other third party to recover preferences or fraudulent transfers under 11 U.S.C. §§ 547, 548 or 550, or to pursue any other causes of action including, but not limited to, conversion claims against such parties.

40.     WAVO was incorporated in the state of Indiana. The Law Firm Defendants and the Attorney Defendants failed to include available and valid claims against either the WAVO Defendants or the other directors of WAVO, based upon the violation of Sections 23-1-35-2 and/or 23-1-35-4 of the Indiana Code with respect to the improper distributions made to Deeds, and other potentially voidable transactions occurring prior to the commencement of the Bankruptcy Case.

41.     Pursuant to the Rule 16 Scheduling Order entered by the District Court, the trial in the Deeds Litigation was scheduled to commence on December 13, 2005.

42.     From the filing of the Complaint on October 3, 2003, through August 2004, TSL&A, TW&B and the Attorney Defendants took no formal discovery in the Deeds Litigation. None of the WAVO Defendants was deposed, nor were any requests for the production of documents served on any of the WAVO Defendants. During this same timeframe, TSL&A,

TW&B and the Attorney Defendants took no substantive steps to prepare the Deeds Litigation for trial.

43.     In August 2004, after the Deeds Litigation had been pending for approximately ten months, The Lucia Firm and The Berry Firm were retained as successors to TSL&A and TW&B, respectively, to serve as special counsel to Abele in connection with the Avoidance Actions, including the Deeds Litigation. As with their predecessor firms, The Lucia Firm, The Berry Firm and the Attorney Defendants took no formal discovery to prepare the case for trial from August 2004 on.

44.     In February 2005, while the Deeds Litigation was pending, Berry decided that he and The Berry Firm would withdraw as special counsel to Abele in the Avoidance Actions, including the Deeds Litigation, and Berry advised Collins of this decision.

45.     On March 16, 2005, a meeting was held between Berry and Lucia, at which time Berry advised Lucia of The Berry Firm's decision to withdraw as special counsel to Abele. In the course of the meeting, Berry and Lucia agreed that Berry would no longer actively participate in the Deeds Litigation, but would stay in the case "just in name" so as to create the false appearance that he and Lucia were continuing to work as co-counsel. The Lucia Firm, The Berry Firm and The Collins Firm never disclosed to either the Bankruptcy Court or the District Court the terms of the secret agreement that had been reached between Lucia and Berry, pursuant to which Berry and The Berry Firm effectively withdrew from their representation of Abele in the Avoidance Actions, including the Deeds Litigation, nine months before the trial in the Deeds Litigation was to commence.

46.     On May 24, 2005, Lucia passed away. At the time of Lucia's death, The Lucia Firm knew that it was not competent to continue to serve as special counsel to Abele in

connection with the Avoidance Actions, including the Deeds Litigation, and it advised Collins of this.

47.     However, when Abele sought approval by the Bankruptcy Court of his retention of TS&L and of The Lucia Firm, both TS&L and The Lucia Firm neglected to advise the Bankruptcy Court that they were not competent to handle the Avoidance Actions without Lucia. Moreover, when Lucia passed away, The Collins Firm, The Lucia Firm, The Berry Firm, Collins, Clausen and Berry each neglected to advise either the Bankruptcy Court or the District Court of Lucia's death or of the fact that The Lucia Firm was not competent to continue to serve as special counsel to Abele in connection with the Avoidance Actions, including the Deeds Litigation as a result of Lucia's death.

48.     For over five months, The Collins Firm, The Lucia Firm, The Berry Firm, Collins, Clausen and Berry said nothing about the death of Lucia.  In November, 2005, shortly before the December 13, 2005 trial was to commence in the District Court, a judicial assistant to Judge Susan R. Bolton, the District Judge presiding over the Deeds Litigation, placed a phone call to Collins, inquiring as to the status of the case and, after the call went unreturned, placed a second call to Collins.  In response to the calls made by Judge Bolton's assistant, The Lucia Firm and The Berry Firm filed a motion seeking, among other things, that the trial date be vacated.

49.     From August 2004 until the aforementioned telephone calls were made to Collins, no formal discovery was taken by the Law Firm Defendants or the Attorney Defendants, nor were any substantive steps taken by the Law Firm Defendants or the Attorney Defendants to prepare the Deeds Litigation for trial.

50.     In the course of the Deeds Litigation, the Law Firm Defendants and the Attorney Defendants failed to comply with the Rule 16 Scheduling Order entered by the District Court.

51.     In the course of the Deeds Litigation, the Law Firm Defendants and the Attorney Defendants failed to comply with the controlling Local District Court Rules regarding timely requests for extensions of time.

52.     The Law Firm Defendants and the Attorney Defendants neglected to conduct discovery to prepare for trial and failed to properly prosecute the Deeds Litigation.

53.     In response to the failure of the Law Firm Defendants and the Attorney Defendants to comply with the Rule 16 Scheduling Order of the District Court and with controlling Local District Court Rules, as well as their failure to properly prosecute the case, by Order dated November 22, 2005, the District Court ordered that counsel for Abele show cause as to why the Deeds Litigation should not be dismissed for lack of prosecution.

54.     In response to the November 22, 2005 Show Cause Order, The Lucia Firm, The Berry Firm, Clausen and Berry admitted that they were guilty of neglect and that their mishandling of the case was the result of an error in judgment.

55.     By Order dated January 26, 2006, the District Court found that each of the Law Firm Defendants and the Attorney Defendants, together with Abele, had failed to prosecute the case and to comply with the Court's Rule 16 Scheduling Order and the Local Rules of the Court regarding timely requests for extensions of time. Based upon this failure to prosecute the case and the violations of the District Court's Order and the Local Rules of the Court, the District Court dismissed the Deeds Litigation and entered a final judgment against Abele.

56.     The Lucia Firm, The Berry Firm, Clausen and Berry thereafter filed a motion for reconsideration of the District Court's dismissal order, in which they again acknowledged their various failures and mistakes in the handling of the case. The motion for reconsideration was denied by the District Court.

57.     Following the District Court's dismissal of the Deeds Litigation, Abele resigned as Trustee for the Estate and The Collins Firm and Collins withdrew as general counsel for Abele.  Thereafter, Plaintiff was appointed Substitute Trustee.

58.     The Lucia Firm, The Berry Firm, Clausen and Berry appealed the dismissal of the Deeds Litigation to the Court of Appeals for the Ninth Circuit.  In their Opening Brief, they once again acknowledged their wrongdoing in the underlying Deeds Litigation and conceded that their various failures "violated the rules, disrupted the Court's calendar, and merited a sanction." Similarly, in their Reply Brief, they admitted that "our fault in this matter merited a sanction by the Court," that "our failure to notify the Court of the joint agreement to extend deadlines was wrong," and that "our failure to notify the Court of the death of Mr. Lucia and our need to find replacement counsel was wrong."

59.     Oral argument on the appeal was heard on April 16, 2008, and eight days later, on April 24, 2008, the Court of Appeals affirmed the decision of the District Court, holding that

> [i]t was the Trustee's responsibility to move the case toward disposition. He did not do so. The untimely illness and death of the Trustee's lead attorney, Anthony Lucia, does not excuse the Trustee's lack of prosecution and failure to apprise the Court of the status of the case. Despite being represented by a General Counsel and four Special Counsel for this case, the Trustee conducted minimal discovery in the nine months between entry of the scheduling order and the discovery deadline. The Trustee did not move for an extension of the discovery deadline, although the deadline passed prior to Lucia's diagnosis. Following Lucia's death, the Trustee did nothing to apprise the Court that he could not meet the various deadlines set in the Scheduling Order, and did not move to vacate the trial date or to conduct a status conference until the District Judge's judicial assistant had made at least two calls to the Trustee's counsel in the weeks leading up to the trial date. Given these facts, we cannot say that the Court abused its discretion in dismissing the case for prosecution.

60.     The dismissal of the Deeds Litigation is now final and non-appealable. As a direct result of the Law Firm Defendants' and the Attorney Defendants' failure to prosecute the Deeds Litigation and their violation of the District Court's Orders and the Local Rules of the District Court, the Estate has been deprived of the claims against each of the WAVO Defendants in the Deeds Litigation and is now barred from recovering the property wrongfully transferred by WAVO, or the value thereof, as alleged in the Complaint.

61.     As a result of the Law Firm Defendants' and the Attorney Defendants' failure to file and prosecute claims under Sections 547, 548 and 550 of the Bankruptcy Code or any other potential causes of action against the WAVO Defendants prior to the expiration of the applicable statute of limitations, the Estate is now barred from pursuing such claims and recovering the property wrongfully transferred by WAVO, or the value thereof.

62.     As a result of the Law Firm Defendants' and the Attorney Defendants' failure to file and prosecute claims under Sections 547, 548 and 550 of the Bankruptcy Code or any other potential causes of action against various other third parties prior to the expiration of the applicable statute of limitations, the Estate is now barred from pursuing such claims against these third parties and recovering the property wrongfully transferred by WAVO, or the value thereof.

63.     As a result of the Law Firm Defendants' and the Attorney Defendants' failure to file and prosecute claims for breach of fiduciary duty and for violation of Sections 23-1-35-2 and/or 23-1-35-4 of the Indiana Code against some of the WAVO Defendants and against other third parties prior to the expiration of the applicable statute of limitations, the Estate is now barred from pursuing such claims and recovering the improper distributions made by WAVO, or the value thereof.

64.     By letter dated November 27, 2007 from Plaintiff's counsel to Collins and
Clausen and to Richard H. Goldberg, an attorney at that time representing Berry with respect to
the claims set forth in this Complaint, Plaintiff requested the return of or, alternatively, access to,
all of its client files (the "Client Files") maintained by the Law Firm Defendants, as was
Plaintiff's right under Ariz. E.R. 1.16(d).

65.     In response to the aforementioned request, The Collins Firm, The Lucia Firm and
The Berry Firm failed and refused to produce, or to provide Plaintiff with access to, any portion
of the Client Files.  Approximately seven months later, certain books and records of WAVO
were released to Plaintiff, but The Collins Firm, The Lucia Firm and The Berry Firm continue to
withhold without proper basis the balance of the Client Files.

66.     At all times relevant hereto, the Attorney Defendants were engaged in the practice
of law for the benefit of their and the respective Spouse Defendants' community estates.  All acts
taken by the Attorney Defendants with respect to the Avoidance Actions and their representation
of Abele were taken within the scope of their practice of law, for and on behalf of their
respective community estates.

## COUNT I
### (Legal Malpractice)

67.     Plaintiff restates and incorporates by reference as if set forth herein each of the
allegations contained in paragraphs 1 through 66 above.

68.     Each of the Law Firm Defendants and the Attorney Defendants owed Plaintiff a
duty of reasonable and ordinary care in the provision of legal representation to Plaintiff for the
benefit of the Estate.

69.     Each of the Law Firm Defendants and the Attorney Defendants had a duty to represent Plaintiff competently and zealously and to diligently pursue the various causes of action that they were retained to prosecute.

70.     Each of the Law Firm Defendants and the Attorney Defendants breached the aforementioned duties owed to Plaintiff.

71.     The Lucia Firm, The Berry Firm, Clausen and Berry negligently failed to advise Plaintiff that they were not competent to represent Plaintiff in the matters for which they were retained following the death of Lucia.

72.     The Law Firm Defendants and the Attorney Defendants were negligent in their representation of the Plaintiff in at least the following manners:

   A.     They failed to properly prosecute the Deeds Litigation;

   B.     They knowingly violated the Rule 16 Scheduling Ordered entered by the District Court in the Deeds Litigation;

   C.     They knowingly violated the Local Rules of the District Court governing the Deeds Litigation;

   D.     They failed to file and prosecute actions pursuant to Sections 547, 548 and 550 of the Bankruptcy Code or other potential causes of action prior to the expiration of the applicable statute of limitations; and

   E.     They failed to file and prosecute actions for breach of fiduciary duty and other claims in connection with improper distributions made by WAVO prior to expiration of the applicable statute of limitations.

73.     As a direct and proximate result of the negligence of the Law Firm Defendants and the Attorney Defendants, Plaintiff has been damaged in an amount in excess of $12 million, together with the costs of this action, including reasonable attorneys' fees.

## COUNT II
### (Breach of Fiduciary Duty)

74.     Plaintiff restates and incorporates by reference as if set forth herein each of the allegations contained in paragraphs 1 through 73 above.

75.     A fiduciary relationship was created between the Law Firm Defendants and the Attorney Defendants, on the one hand, and Abele, on the other hand, for the benefit of the Estate, upon the entry of an attorney-client relationship.

76.     Based upon the relationship between the Law Firm Defendants, the Attorney Defendants and Abele, for the benefit of the Estate, Abele placed special trust and confidence in the Law Firm Defendants and the Attorney Defendants to act in the best interest of Abele and the Estate.

77.     Based upon the relationship between the Law Firm Defendants, the Attorney Defendants and Abele, as Trustee for the Estate, Defendants had a duty to act in good faith and with due regard to the interests of Abele and the Estate.

78.     Abele had an affirmative duty, as the duly appointed Trustee of the Estate, to investigate the financial affairs of WAVO and to collect and reduce to money the property of the Estate including, but not limited to, all causes of action against third parties. The Law Firm Defendants and the Attorney Defendants at all times acted as agents for Abele with respect to the aforementioned duties to be performed by Abele as Trustee for the Estate.

79.     The Law Firm Defendants' and the Attorney Defendants' failure to prosecute the Deeds Litigation in a diligent and timely manner and their failure to pursue additional causes of

action against third parties and their failure to disclose that they were not competent to represent Abele in connection with the matters for which they were retained following the death of Lucia, constitute breaches of the fiduciary duty owed by the Law Firm Defendants and the Attorney Defendants, as agents for Abele, to the Estate.

80.     The Law Firm Defendants and the Attorney Defendants breached their fiduciary duty owed to Abele and the Estate.

81.     Plaintiff is the successor to Abele and the legal representative of the Estate.

82.     As a direct and proximate result of the Law Firm Defendants' and the Attorney Defendants' breaches of their fiduciary duty, Plaintiff has been damaged in an amount in excess of $12 million, together with the costs of this action, including reasonable attorneys' fees.

## COUNT III
### (Conversion of Estate Property)

83.     Plaintiff restates and incorporates by reference as if set forth herein each of the allegations contained in paragraphs 1 through 82 above.

84.     Ariz. E.R. 1.16(d) provides that after termination of representation and "[u]pon the client's request, the lawyer shall provide the client with all of the client's documents, and all documents reflecting work performed for the client.  The lawyer may retain documents reflecting work performed for the client to the extent permitted by law only if retaining them would not prejudice the client's rights."

85.     Plaintiff's Client Files constitute property of the Estate pursuant to 11 U.S.C. § 541(a)(7), and the refusal of The Collins Firm, The Lucia Firm and The Berry Firm to return Plaintiff's Client Files or to provide Plaintiff with full access to the Client Files constitutes a wrongful conversion of Estate property.

86.   Plaintiff is entitled to turnover of the Client Files and to compensation for the damages sustained as a result of the conversion of Estate property by The Collins Firm, The Lucia Firm and The Berry Firm.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment against the Defendants, jointly and severally, in an amount in excess of $12 million, with prejudgment and post judgment interest thereon, together with his costs in this action, including reasonable attorneys' fees and expenses, and such other and further relief as the Court may find just and reasonable.

## JURY DEMAND

Plaintiff hereby requests that all issues in this action be determined by a trial before a jury.

Dated:  September 22, 2008            ROBERT A. MACKENZIE,
                                     SUCCESSOR TRUSTEE


Lawrence A. Katz, Esq.
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia  22182
Telephone:  (703) 760-1600
Facsimile:   (703) 821-8949


*Counsel for Plaintiff*

## CERTIFICATION PURSUANT TO AZ. REV. ST. §12-2602

Pursuant to Az. Rev. St. §12-2602, Plaintiff Robert A. Mackenzie, Trustee of the Bankruptcy Estate of WAVO Corporation, by counsel, hereby certifies that expert opinion testimony is not necessary to prove the licensed professionals' standard of care or liability for the claims of legal malpractice set forth in this Complaint.

Lawrence A. Katz, Esq.
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia  22182
Telephone:  (703) 760-1600
Facsimile:    (703) 821-8949

*Counsel for Plaintiff*